Tymothy E. Moyer
3256 Champions Drive
Wilmington, DE 19808
(302) – 757 – 1641
tymothymoyer4@gmail.com

FILED
CLERK U.S. DISTRICT COURT
2026 SEP 10 PM 1:53

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| Tymothy E. Moyer<br>Plaintiff,<br>vs.<br>UNIVERSITY OF DELAWARE;<br>DAWN FLOYD, INDIVIDUALLY;<br>CLAUDIA B. DEBONTE, INDIVIDUALLY;<br>KATHLEEN JENNINGS, INDIVIDUALLY;<br>ANGEL RIVERA, INDIVIDUALLY,<br>Defendants | Case No.: C.A. No. 1:26-cv-00436-GBW-LDH<br><br>PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION |

Plaintiff Tymothy E. Moyer, proceeding pro se, respectfully submits the following objections to the Report and Recommendation (D.I. 7) issued by Magistrate Judge Laura D. Hatcher on August 28, 2026, pursuant to Federal Rule of Civil Procedure 72(b)(2) and D. Del. LR 72.1.

Plaintiff requests de novo review by this Court of the specific findings identified below.

**OBJECTION I**

***The Report and Recommendation Applied an Incorrect Standard to the Concealment-of-Coordination Inference Under 42 U.S.C. § 1985(3)***

The Report correctly identifies Plaintiff's factual allegations: that Defendant Rivera represented the University and the Department of Justice would not communicate concerning Plaintiff's case; that inter-institutional communications nevertheless occurred; and that both institutions provided inconsistent responses to Plaintiff's public records requests concerning those communications. R&R at 5 (citing D.I. 2 ¶¶ 24–33, 45–48). The Report concludes that these allegations "support an inference that communications occurred and that Plaintiff believes those communications were improperly concealed," but holds that they "do not, however, support a reasonable inference that the communications reflected an agreement to deprive Plaintiff of equal protection." R&R at 5. Plaintiff respectfully submits that this analysis omits a critical inferential step. The Complaint doesn't allege merely that two institutions reached different conclusions through independent processes. It alleges a sequence: a false representation that no inter-institutional communication would occur, followed by evidence that such communication did occur, followed by obstructive responses when Plaintiff sought records documenting those communications. The concealment of the communications is an independent factual allegation that alters the plausibility calculus. If the institutions had reached their respective conclusions through genuinely independent processes, there would be no institutional motive to misrepresent the existence of communications or to obstruct requests for records concerning them. The Report relies on *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178–79 (3d Cir. 2010), for the proposition that parallel conduct among governmental actors with independent decision-making authority does not suffice to establish a conspiratorial agreement. Plaintiff does not dispute that doctrinal standard.

However, the Complaint's allegations go beyond parallel conduct. Active concealment of inter-institutional communications, coupled with a prior false representation that no such communications would occur, is qualitatively distinct from the parallel-but-independent governmental action that *Great W. Mining* addresses. At the screening stage, under the liberal construction afforded pro se complaints, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), this distinction warrants de novo consideration.

## OBJECTION II

### *New Evidence of Discriminatory Animus Unavailable to the Magistrate Judge*

Subsequent to the filing of the Complaint and during the period the Report was under preparation, the Delaware Department of Justice's spokesperson issued a public, on-the-record statement to the Washington Blade characterizing the prosecution decision using the qualifier "same-sex cases." This statement was not before the Magistrate Judge and was unavailable when the Complaint was filed. The introduction of a demographic classification into an evidentiary explanation of a prosecutorial decision, unsolicited by the question posed, constitutes new evidence bearing on the discriminatory animus element that the Report found insufficiently pleaded. Plaintiff notes this evidence for the Court's awareness and intends to address it in the amended complaint.

## NOTICE OF INTENT TO AMEND

Plaintiff hereby provides notice that he intends to file an amended complaint within the thirty-day period following this Court's adoption of the Report and Recommendation, as the Report recommends. The amended complaint will address the deficiencies identified in the Report.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court conduct de novo review of the Report's analysis of the conspiracy-inference element under 42 U.S.C. § 1985(3) and note the availability of new evidence bearing on discriminatory animus. Plaintiff further requests that the Court adopt the Report's recommendation granting leave to amend and afford Plaintiff thirty days from the date of adoption to file an amended complaint.

Date: September 10, 2026

Respectfully submitted,

Tymothy Moyer

Tymothy E. Moyer, Pro Se Litigator

c/o 3256 Champions Drive

Wilmington, DE 19808

Email: tymothymoyer4@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2026, a true and correct copy of the foregoing Plaintiff's Objections to Report and Recommendation was filed by hand-delivery with the Office of the Clerk, United States District Court for the District of Delaware, 844 N. King Street, Wilmington, DE 19801. No defendants have yet been served in this action.

Dated September 10th, 2026

Tymothy Moyer

~~Attorney Name~~ Pro SE LITIGANT